**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

| | |
|---|---|
| **SARAH JANE BEAUGEZ,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| VS. | )    **CIVIL ACTION NO.** |
| | )    **3:14-cv-170-MPM-JMV** |
| **THERAPY MANAGEMENT** | ) |
| **CORPORATION AND** | ) |
| **TRISTAR REHAB, INC.,** | ) |
| | ) |
|     **Defendants.** | ) |
| | ) |

## STIPULATED PROTECTIVE ORDER

WHEREAS the undersigned Parties recognize that certain records, documents, files, and information to be produced in this case pursuant to discovery and motion practice may contain confidential or proprietary business or personal information, the Parties to the above-captioned action have agreed, through their respective counsel, to protect against the disclosure and dissemination of such information (hereinafter called "Confidential Information") by means of this Protective Order ("Protective Order").

WHEREFORE, it is hereby stipulated and agreed by and between Plaintiff SARAH JANE BEAUGEZ ("Plaintiff") and Defendants THERAPY MANAGEMENT CORPORATION and TRISTAR REHAB, INC. ("Defendants"), through their respective counsel and subject to the approval of the Court, that:

1.  The following categories of information or documents produced by any Party during the course of discovery by way of answers to interrogatories, production of documents, depositions or other discovery devices, whether compelled or voluntary, is Confidential Information and shall be subject to the further provisions of this Protective Order:

(a) DEFENDANTS' pricing and marketing strategies and characteristics, work processes and procedures, revenue, profit margins, procedure manuals, handbooks, job descriptions, policies, certificates, investigatory training/techniques, software systems, organizational charts and customer information;

(b) DEFENDANTS' transaction and demographic information, and sales and accounting data;

(c) Contracts, agreements, insurance policies, letters, memoranda, correspondence, e-mails, or other documents, information or communications relating to any interactions between DEFENDANTS and customers or other third parties;

(d) Performance, disciplinary, wage, salary, payroll, medical, worker's compensation claims history; insurance or benefit claim history and other personnel information for DEFENDANTS' employees other than that of Plaintiff;

(e) Any personal information about any current or former employee of DEFENDANTS other than Plaintiff;

(f) Any similar confidential or proprietary business or personal data or other information designated as "Confidential" by a Party.

2. The Parties, in complying with discovery requests served upon them in this litigation or upon voluntarily producing any documents, information or other items, may designate any portion of any document, information or other item as "Confidential" because it contains material claimed to be Confidential Information. Any portions of any documents, information or other items so marked "Confidential" shall be subject to this Protective Order and shall be used only for purposes of this litigation. Materials designated "Confidential" and

covered by this Protective Order may be disclosed only to: (a) Counsel of record appearing for a Party in this case; (b) Counsel of record's paralegals and other law firm employees in counsel of record's office, as necessary for the prosecution, defense, settlement or appeal of this litigation; (c) any Party; (d) experts retained for the purposes of assisting counsel and/or testifying in this litigation; and (e) any officer, manager, or employee of DEFENDANTS.

3. If oral information or testimony containing alleged Confidential Information is required to be given by a deponent at a deposition in this proceeding, that Confidential Information shall only be given to the person described in Paragraph 2 of this Protective Order. If the deposition is transcribed, the Party seeking confidentiality shall receive a copy of the transcript and may designate as "Confidential" the relevant portions of it. The Party seeking confidentiality shall have thirty (30) business days after receipt to make such a designation, until that time period lapses or until such designation has been made, whichever occurs sooner. Thereafter, disclosure of those parts of the transcript designated "Confidential" shall be restricted to the witness and those permitted access to such Confidential Information under Paragraph 2 above, as applicable.

4. A Party who desires to challenge the designation of Confidential Information by another Party shall give the Party seeking confidentiality seven (7) days' written notice of the challenge, and the Parties shall confer in good faith to resolve any dispute prior to the challenging Party seeking relief from the Court.

5. A Party who desires to disclose Confidential Information covered by this Protective Order to an individual, to whom disclosure is not expressly permitted under the restrictions of Paragraph 2 above, may only disclose such Confidential Information upon Order of the Court or upon the express written consent of the Party seeking confidentiality. The Party

seeking to make such a disclosure shall give the Party seeking confidentiality seven (7) days' written notice of the need to disclose such Confidential Information, and the Parties shall confer in good faith to resolve any dispute prior to seeking relief from the Court.

6. Should any Party desire to file any document produced by the other Party and marked as Confidential as evidence in this matter or at the trial of this matter, that Party shall arrange for a conference between all Parties to discuss, in good faith, whether the document can be filed "as is" or whether the Parties can agree to certain redactions to protect the confidentiality and privacy concerns with respect to the document. If the Parties cannot agree as to filing "as is," or with redactions acceptable to all Parties, the Party or non-party objecting to the filing shall file a motion requesting that the document or testimony be filed under seal or filed with redactions and setting forth the basis for such sealing or redaction. Nothing in this paragraph requires any Party to confer prior to using or filing its own documents marked as Confidential.

7. No person granted access to documents or information covered by the provisions of this Protective Order shall copy or reproduce any portion thereof, except for such copies as needed for discovery, pleadings, motions or briefs, or as needed by Counsel for a Party to maintain records for the prosecution, defense, settlement or appeal of this litigation.

8. Counsel shall: (a) Provide a copy of this Protective Order to each and every person to whom a disclosure is made; (b) request that such person read the provisions of the Protective Order; (c) advise such person of the restraint imposed upon him or her as set forth in Paragraph 2 of this Protective Order; (d) request that such person endorse an Agreement to Respect Confidential Information; and (e) retain a copy of each endorsed Agreement to Respect Confidential Information for the duration of this litigation. At the termination of this litigation,

counsel shall upon request provide to opposing counsel on request, copies of all such endorsed Agreement(s) to Protect Confidential Information.

9. Except as provided above, this Protective Order shall not prevent any party from applying to the Court for relief therefrom or from applying to the Court for further or additional protective orders, or from the Parties agreeing to modification of this Protective Order, subject to the approval of the Court. Nothing in this Protective Order shall be deemed to limit a Party's right to oppose discovery on any other ground.

10. The provisions of this Protective Order shall remain in full force and effect following conclusion of this litigation. At that time, counsel shall: (1) return to the opposing counsel, upon request, all discovery, information, documents and copies thereof subject to this Protective Order; or (2) represent to opposing counsel, upon request, that all discovery, information, documents and copies thereof subject to this Protective Order have been destroyed.

**IT IS SO ORDERED** this, the 29th day of June, 2015.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**

Submitted By:

s/Susan Fahey Desmond
Susan Fahey Desmond, Esq. (MSB #5116)
Jessica L. Marrero, Esq. (*pro hac vice*)
JACKSON LEWIS P.C.
650 Poydras Street, Suite 1900
New Orleans, LA 701360
Tel: 504-208-1755
Fax: 504-208-1759
Susan.Desmond@jacksonlewis.com
Jessica.Marrero@jacksonlewis.com

*Counsel for Defendants*

s/Nick Norris
Louis H. Watson, Jr., Esq. (MSB #9053)
Nick Norris, Esq. (MSB #101574)
WATSON & NORRIS, PLLC
1880 Lakeland Drive, Suite G
Jackson, MS 39216
Tel: (601) 968-0000
Fax: (601) 968-0010
louis@watsonnorris.com
nick@watsonnorris.com

*Counsel for Plaintiff*

4846-2576-3621, v. 2